## MOSES JONES *et al.*
### *v.*
## THOMAS MARKS.

1. RECOVERY *under the common counts—or whether the plaintiff must declare specially.* A party employed another to purchase a quantity of grain for him, and to advance the money for the purpose, and to sell the same as directed, the former depositing with the latter a sum of money to secure him against loss in advancing the means to make the purchase, in case the price of the grain should decline before it was sold. The party making the purchase did not obey instructions in making the sale of the grain, but sold at a loss. *Held,* that the money deposited as an indemnity could be recovered back under the common counts in assumpsit; it was not necessary to declare on the special contract which had been violated, as nothing remained to be done under it.

2. LIEN *upon money deposited as an indemnity.* The party making the purchase having disobeyed instructions in making the sale, he thereby lost his

lien upon the money deposited with him as an indemnity against loss. Had he sold as directed, and a loss had resulted, then he would have had the right to appropriate the money deposited to reimburse him in his money advanced to make the purchase.

APPEAL from the Superior Court of Chicago; the Hon. JOHN A. JAMESON, Judge, presiding.

The opinion of the court contains a statement of the case.

Messrs. HELM, TAYLOR & PENCE, for the appellants.

Messrs. GOOKINS & ROBERTS, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit brought by Thomas Marks in the Superior Court of Chicago, against Jones and Jordan, to recover for moneys advanced on the purchase of wheat. The declaration contained special and common counts, but it is conceded that the evidence varied from the case as stated in the special counts, which only renders it necessary to consider whether a right to recover under the common counts was shown on the trial in the court below. One Phelps, it appears, contracted on behalf of appellee for the purchase of two thousand bushels of wheat through appellants, who on the same day made the purchase, and appellee directed them, after they bought, if they received a private dispatch before the general dispatch came, and it showed firmness in the market to await the general dispatch. If, however, it showed weakness, to sell immediately, and at all events to sell as soon as the public dispatch was received if they had not previously sold. It appears that two hundred dollars was paid as a margin on the purchase.

It also appears that appellants were to purchase, and advance the money for the wheat, which they did, and the two hundred dollars was deposited by appellee, to secure appellants against loss on the purchase, in case of a decline in the price. The

purchase was made at $1.29 per bushel, and on the day follow-ing, and at the time when appellants were directed to sell, it would have brought in market $1.34 per bushel. Appellants, however, failed to make a sale. Wheat commenced declining, and went down in price, and was afterward sold without directions from appellee.

It is insisted in favor of a reversal that appellee's only remedy was by an action on the special contract, and that he could not recover under the common money counts; and the recovery in the court below, cannot, therefore, be sustained. The money was only delivered to appellants to hold as a security against loss by any depreciation that might occur in the price of the wheat. And although there was a special agreement, still nothing farther was to be done under the contract. It was no longer open, but had been broken by appellants as the jury found, and a recovery for a breach in such cases may usually be had under the common counts.

Appellants by disobeying instructions released appellee from the contract, but remained liable themselves, for any loss he sustained. And when they disobeyed instructions and released appellee from the contract, they ceased to have any lien on appellee's money deposited with them as a pledge against loss. Appellee then became entitled to withdraw it from their hands and could then maintain an action for its recovery. It never was the money of appellants, but always belonged to appellee. Had they sold as directed and loss had ensued they would then, under the agreement, have had the right to appropriate the money to make good their loss. It would then have become theirs to the extent of the loss. Appellee, therefore, had a right to recover his money so deposited, under the money counts.

We perceive no error in this record, and the judgment of the court below is therefore affirmed.

*Judgment affirmed.*